### No. 161

No. 19147. In the Matter of the Exceptions of the Prosecuting Attorney of Jefferson County, Ohio, in the case of State of Ohio, Plaintiff, v. Alexander C. Douglas, Defendant. Exceptions to the Common Pleas Court of Jefferson county.

**547. FORGERY**—Where instrument is forged in Ohio, and is in possession or under control of forger and agents and is then mailed to city in another state, crime of uttering and publishing such forged instrument not complete in Ohio.

MARSHALL, C. J.

On a charge of uttering and publishing a forged instrument with intent to defraud under section 13083, General Code, where the instrument was forged in the state of Ohio and thereupon transmitted by mail to a city in another state and such instrument was at all times in the possession or under the control of such forger and his agents until the same passed beyond the territorial borders of the state of Ohio, the crime of uttering and publishing is not complete in the state of Ohio.

Exceptions overruled.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

-------

### No. 162

No. 19092—The Hocking Valley Railway Co. v. Bert F. Kontner. Error to the Court of Appeals of Franklin county.

**262. COMPARATIVE NEGLIGENCE.—1.** Where plaintiff employe is negligent together with other employes, such negligence resulting in his injury, he is not barred from recovery. Amount of damages diminished in proportion to injured employe's negligence.

**2.** Request to charge denying comparison of negligence between plaintiff and defendant properly refused.

JONES, J.

1. Under the Federal Employers' Liability Act, if the plaintiff employe's negligence is the sole, proximate cause of his injuries, recovery cannot be had. But if such injuries result in part from the negligence of other employes of the carrier and in part from the negligence of the employe injured, the latter is not barred from recovery; but the amount of damages recoverable must be diminished "in proportion to the amount of negligence attributable to such employe."

2. A carrier's train stopped for an hour or more at a watering point. Under this condition, its rule required the flagman to "go back immediately with stop signals a sufficient distance to insure full protection". The flagman disobeyed this rule and went to sleep in the caboose at the rear end of the standing train. A freight train about an hour later ran into and collided with the standing caboose. Assuming that the jury found that the engineer in charge of the following train was negligent in failing to observe the caboose ahead, the causal negligence is partly attributable to both, carrier and plaintiff, and the latter may, under the Federal Act, recover damages proportionally diminished as therein provided.

3. Under the facts developed by the testimony, a request to charge denying the comparison of negligences between plaintiff and defendant, or the apportioning of their effect, was properly refused by the court. (Great Northern Ry. Co. v. Wiles, Admr., 240 U. S. 444, and other federal cases distinguished.)

Judgment affirmed.

Matthias, Day, Allen and Robinson, JJ., concur.

-------

### No. 163

No. 19301—State ex rel. Michael Fioretos v. The Industrial Commission of Ohio. In Mandamus.

**631. INDUSTRIAL COMMISSION**—Consul must furnish information regarding dependants of killed employe, said dependants residing in a foreign country, before Industrial Commission pays award.
DAY, J.

Where the dependents of a killed employe entitled to share in the funds provided for in the Workmen's Compensation Act of Ohio reside in a foreign country, the Industrial Commission is not required to pay such award to the dependents of such killed employe until the Consul, or other proper officer, as provided in Section 1465-108, General Code, shall furnish the necessary information regarding such dependents, and in the absence of such information a writ of mandamus to compel such allowance should be denied.

Writ denied.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.